STATE of Utah, Plaintiff and Appellant,

v.

Curtis OWENS, Defendant and Respondent.

No. 870342–CA.

Court of Appeals of Utah.

April 29, 1988.

David L. Wilkinson, Atty. Gen., David B. Thompson, Asst. Atty. Gen., Salt Lake City, for the State.

Before JACKSON, BENCH and BILLINGS, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

The State seeks reversal of an order granting a new trial after a jury convicted defendant of theft of rented property, a violation of Utah Code Ann. § 76–6–410 (1978). We dismiss the appeal.

Our answer to one question is dispositive of this appeal:

Does the State have the right to appeal from an order granting a criminal defendant a new trial after defendant moved to arrest judgment or, in the alternative, for a new trial based on a prosecutor's intimidation of a witness?

Owens rented a television from a Curtis Mathes store on August 29, 1986 for $32 a month. Curtis Mathes did not receive the September rental payment and discovered in October that Owens had moved and the television was gone. On October 16, Curtis Mathes filed a theft report with the Orem City Police Department.

Owens claimed he gave his roommate, Lawrence Hamilton, $65 to pay over to Curtis Mathes. Before trial, Hamilton told defense counsel that Owens had given him $65 to pay Curtis Mathes and that he, Hamilton, had used the money for himself. At trial, however, Hamilton testified he received the $65 for the purpose of paying their phone bill and to repay money Owens owed him. He claimed no knowledge of the television rental deal.

After the return of a guilty verdict but prior to sentencing, Owens's counsel filed a motion for arrest of judgment or, in the alternative, for a new trial. Hamilton, in a supporting post-trial affidavit, stated that his trial testimony varied from his earlier statement due to pre-trial intimidation by a prosecutor. He claimed the prosecutor phoned him and threatened to charge him with theft for keeping the money. His affidavit claims that he knew about the television rental bill and that Owens gave him $60–65 before leaving town. He claimed further that defense counsel did not give him an opportunity at trial to explain the facts fully.

In her responding affidavit, the prosecutor admitted that she phoned Hamilton three or four days prior to trial and told him she knew what his proposed testimony would be. During the call, she advised Hamilton that, if he actually received the money from Owens to make the rental payment but spent the money elsewhere, he could be charged with theft and should consult an attorney. Her affidavit stated further that she had not intended to thereby influence Hamilton. After argument, the trial court granted the motion for new trial.

Appellant's brief steps gingerly around its right to appeal and leaps directly into the merits of the lower court's ruling. We are not constrained to travel the route proposed, although we agree the course is narrow. After first asserting "it is necessary to discuss briefly the procedural avenue followed in presenting this appeal to this court," the State then selects the avenue "arrest of judgment," which is one of five avenues of appeal mapped out in Utah R.Crim.P. 26(3)(c).[1] "New trial" is conspicuously not one of the authorized avenues of appeal by the prosecution; that was the disposition route selected by the trial court.

The State insists that the trial court's avenue was "arrest of judgment," despite the court's explicit ruling that "the motion for a new trial is well taken and is therefore hereby granted," as well as the court's direction to set the matter on the calendar for scheduling of a new trial. The State avers that the court, in substance, arrested judgment because the post-trial motion was filed prior to imposition of sentence and a

---

1. That subsection provides:

(3) An appeal may be taken by the prosecution from:
(a) a final judgment of dismissal;
(b) an order arresting judgment;
(c) an order terminating the prosecution because of a finding of double jeopardy or denial of a speedy trial;
(d) a judgment of the court holding a statute or any part of it invalid; or
(e) an order of the court granting a pretrial motion to suppress evidence when, upon a petition for review, the appellate court decides that the appeal would be in the interest of justice.

Utah R.Crim.P. 26(3).

"true motion" for new trial is made after imposition of sentence. *See* Utah R.Crim. P. 23 and 24.[2] We do not agree that the time of the motion or the time of the ruling transforms the substance of the proceeding.

Under Utah R.Crim.P. 23, the trial court may arrest judgment "if the facts proved or admitted do not constitute a public offense, or the defendant is mentally ill, or there is other good cause...." At common law, an arrest of judgment was the trial court's act of refusing to enter judgment on a verdict because of some error appearing on the face of the record that rendered the judgment invalid. *United States v. Sisson*, 399 U.S. 267, 280–81, 90 S.Ct. 2117, 2124–25, 26 L.Ed.2d 608 (1970). *See, e.g., State v. Merritt*, 67 Utah 325, 247 P. 497 (1926) (challenge to trial court's jurisdiction was properly raised by motion to arrest judgment). The "face of the record" does not include proof offered or adduced at trial. *Sisson*, 399 U.S. at 281, 90 S.Ct. at 2125.

In contrast, a motion for new trial generally is permitted for correcting errors made in the trial court, *Wharton's Criminal Procedure* § 590 (12th ed. 1976), or for reviewing a conviction obtained by unfair or unlawful methods. 24 C.J.S. *Criminal Law* § 1418 (1961). In Utah, a trial court may grant a motion for new trial "in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party."

Utah R.Crim.P. 24(a). Witness intimidation by a prosecutor can warrant a new trial if it resulted in a denial of defendant's right to a fair trial. *See, e.g., United States v. MacCloskey*, 682 F.2d 468, 479 (4th Cir. 1982).

Here, the trial court did not, in substance, grant an arrest of judgment. The trial court looked beyond the record to the prosecutor's and witness's affidavits and found improper prosecutorial behavior warranting a new trial. Under Utah R.Crim.P. 26, the State may not appeal from an order granting a new trial to a criminal defendant. The appeal is dismissed.

BILLINGS and BENCH, JJ., concur.

---

2. Those rules provide:

**Rule 23. Arrest of judgment.**

At any time prior to the imposition of sentence, the court upon its own initiative may, or upon motion of a defendant shall, arrest judgment if the facts proved or admitted do not constitute a public offense, or the defendant is mentally ill, or there is other good cause for the arrest of judgment. Upon arresting judgment the court may, unless a judgment of acquittal of the offense charged is entered or jeopardy has attached, order a commitment until the defendant is charged anew or retried, or may enter any other order as may be just and proper under the circumstances.

**Rule 24. Motion for new trial.**

(a) The court may, upon motion of a party or upon its own initiative, grant a new trial in the interest of justice if there is any error or

impropriety which had a substantial adverse effect upon the rights of a party.

(b) A motion for a new trial shall be made in writing and upon notice. The motion shall be accompanied by affidavits or evidence of the essential facts in support of the motion. If additional time is required to procure affidavits or evidence the court may postpone the hearing on the motion for such time as it deems reasonable.

(c) A motion for a new trial shall be made within 10 days after imposition of sentence, or within such further time as the court may fix during the ten-day period.

(d) If a new trial is granted, the party shall be in the same position as if no trial had been held and the former verdict shall not be used or mentioned either in evidence or in argument.